IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMAS SUNDQUIST, ) | No. C 06-3387 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. ) | |
| ) | |
| GARY PHILP, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | (Docket No. 3) |

On May 23, 2006, plaintiff, a "sexually violent predator" under a civil commitment to Coalinga State Hospital for renewable periods of two years under California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 ("SVPA"), and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that during the several months in which he was temporarily detained at the Humboldt County Jail, beginning October 13, 2004, defendants violated his constitutional rights by housing him under conditions that are both punitive and unlawful as applied to civil detainees.

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Good cause appearing, such leave is GRANTED. See Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (holding financial reporting and filing fee requirements applicable to "prisoners" under 28 U.S.C. § 1915(a)(2) and (b) not applicable to individuals facing civil commitment proceedings under SVPA).

**DISCUSSION**

A.  Standard of Review

A federal court must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 at any time if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Claims

As noted, plaintiff claims that while he was a detainee at the Humboldt County Jail he was subjected to conditions of confinement that were punitive and unlawful as applied to civil detainees.  Specifically, he alleges he was transported to and from that facility with inmates facing criminal charges, that he was subjected to a body cavity search, and that he was housed with inmates facing criminal charges.

A civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive; a presumption of punitive conditions arises where such individual is detained under conditions identical or similar to, or more restrictive than, those under which pretrial criminal detainees are held, or where such individual is detained under conditions more restrictive than those he would face upon civil commitment.  See Jones v. Blanas, 393 F.3d 918, 934 (9th Cir. 2004).  If the presumption applies, a defendant is allowed to demonstrate the existence of legitimate, non-punitive interests justifying the conditions under which the detainee was held, and to show the restrictions imposed were not excessive in relation to such interests.  See id. at 934-35; see also Hydrick v. Hunter, 449 F.3d 978, 999-1001 (9th Cir. 2006) (holding substantive due process rights may be violated when SVPA detainee subjected to punitive conditions).

2

Although not every objectionable condition or restriction to which a plaintiff is subjected as a civil detainee violates his federal constitutional rights, the allegations of plaintiff herein, liberally construed, are sufficient to state a cognizable claim under § 1983 for denial of the protections to which he is entitled under the Due Process Clause.

## CONCLUSION

1. The Clerk of the Court shall issue summons and the United States Marshall shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon defendants Humboldt County Board of Supervisors, Humboldt County Sheriff Gary Philp, and Trans Corp Transportation Company. Additionally, the Clerk shall mail a courtesy copy of this order to plaintiff and to the Office of the Humboldt County Counsel.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a

3

> motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      c.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

2. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: October 4, 2006

_____
MAXINE M. CHESNEY
United States District Judge